In the Matter of the Appraisal for Taxation of the Estate of HAMPTON HOWELL, Deceased.

Surrogate's Court, Suffolk County, October 6, 1927.

**Taxation — transfer tax — testator in separation agreement agreed to provide for wife and child in will — will carried out agreement — transfer by will is taxable under Tax Law, § 220.**

The testator entered into a separation agreement with his wife by the terms of which he agreed that he would make provision in his will for his wife and adopted child. Such a provision was made in the will. The transfer was by will and not by the separation agreement and it is, therefore, taxable and is not exempt under section 220 of the Tax Law.

APPEAL from an order, assessing the transfer tax in this estate, dated June 27, 1927.

*Harry M. Peyser*, for the State Tax Commission.

*Rumsey & Morgan*, for the executors.

Pelletreau, S. The assessments appealed from are the assessment of $59,265 and tax thereon against Grace B. Howell, and the assessment of $90,158.99 and tax thereon against remainder to Gilbert Howell.

During decedent's lifetime he and Grace B. Howell, on the 1st day of June, 1922, executed a separation agreement which, among other things, provided for their living separate and apart, monthly allowance, and further provided:

" *Tenth.* The said husband hereby agrees to provide by last Will and Testament that should he depart this life previous to the decease of the wife, the said wife shall receive an amount equal to one-third of his net income arising from his estate after the payment of all debts, inheritance or succession taxes, legal fees, administration expenses, etc., for the balance of her natural life and at her death the principal of said fund shall go to the adopted child of the parties hereto, said Gilbert Howell, and in consideration whereof the said wife hereby agrees that should the said husband pre-decease her all rights under this agreement, except as to the provision to be made by his last Will and Testament, shall cease and determine; and should said wife predecease the husband then and in that event the said wife, for herself, her heirs, executors, administrators and assigns, hereby agrees that all rights under this agreement or under said Will shall cease and determine."

Decedent in his will did provide for Grace B. Howell and Gilbert Howell in accordance with this agreement.

The executors of decedent's will assert that the bequests to Grace B. Howell and Gilbert Howell are not taxable, claiming that such transfers were made for valuable consideration in pursuance of the aforesaid separation agreement. Section 220 of the New York Tax Law (as amd. by Laws of 1925, chap. 143) provides: " If any one of the transfers mentioned in this subdivision is made for a valuable consideration, the portion of the transfer for which the grantor or vendor receives equivalent monetary value is not taxable, but the remaining portion thereof is taxable."

I am of the opinion that the transfer was made under the will and not under the agreement. Had the agreement provided that decedent should pay or deliver to Grace B. Howell and Gilbert Howell a specific sum of money or a specific article upon his death, it might be different, but that situation does not exist here. The agreement provides that the decedent will provide for them in his will.

The only obligation created under the separation agreement was the obligation of the testator to provide *by his will* for Grace B. Howell and Gilbert Howell, and even this was revocable if Grace B.

Howell failed to comply with the various conditions of the agreement.

Irrespective of this, how can it seriously be argued that the money received was not by virtue of the will?

*Matter of Vanderbilt* (184 App. Div. 661; affd., 226 N. Y. 638) comes to my attention. In that case there was an ante-nuptial agreement whereby Alfred Vanderbilt agreed to pay to his wife $2,000,000. The agreement provided that the said amount could be paid in either one of four ways, the second of which provided that he could by will direct his executor to pay the same; as a matter of fact this is what he elected to do. The court there held that the transfer was not taxable because the agreement absolutely provided for the payment of the $2,000,000, and the fact that the method of payment and satisfaction of the obligation were directed by the will did not change the nature of the obligation.

If the contention of the representatives of the estate herein be correct, the Transfer Tax Law may as well be repealed, for all one would have to do to defeat a tax upon his estate would be to enter into an agreement with one's intended beneficiaries prior to death, agreeing to do something by will, and following out their contention, there would be no tax.

The appraiser, in his computation of the tax herein, incorrectly stated $59,265 to be the net amount taxable after deducting an exemption of $5,000 from an assessment of $63,265. The computation of the tax should have been upon $58,265 and not upon $59,265. With this exception the report of appraiser and order entered thereon are affirmed.